**RNJ INTERSTATE CORPORATION,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 99–5007.

United States Court of Appeals,
Federal Circuit.

June 10, 1999.

Kelly N. Warnick, Johnson & Bell, Ltd., of Chicago, Illinois, argued for plaintiff-appellant.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were David M. Cohen, Director, and Shalom Brilliant, Senior Trial Counsel.

Before MAYER, Chief Judge, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This government contract case concerns the destruction by fire of a building that the contractor was in the process of renovating. The government and the contractor stipulate that neither was at fault with respect to the fire. We agree with the trial court that the government is not liable to pay for the contractor's uncompensated work, and we therefore affirm the judgment in the government's favor.

I

In May 1991 RNJ Interstate Corporation entered into a contract with the Navy to renovate a building at the Naval Air Station in Glenview, Illinois. The renovation work required by the contract did not include repairing the exterior or basic structure of the building. The contract provided for the government to make progress payments to RNJ during the project's pendency. The contract also included a Permits and Responsibilities Clause incorporated from the Federal Acquisition Regulation, which stated:

> The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work. The Contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence, and shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others. *The Contractor shall also be responsible for all materials delivered and work performed until completion and acceptance of the entire work, except for any completed unit or work which may have been accepted under the contract.*

48 C.F.R. § 52.236–7 (emphasis added).

RNJ began work in September 1991, and the government made progress pay-

ments to RNJ as the work progressed. RNJ had completed more than half of the project when the building was completely destroyed by fire on March 13, 1992. Both parties agree that the government had not accepted any portion of RNJ's work at the time of the fire.

In July 1992 the contracting officer received a claim from RNJ for the value of its allegedly completed work minus the progress payments. The contracting officer denied RNJ's claim and asserted a counterclaim that RNJ was at fault for the fire and was required to reimburse the government for cleanup and replacement of the building. The parties brought their claims before the Court of Federal Claims.

During litigation before the trial court, the parties settled the government's counterclaim and stipulated that neither was at fault with respect to the fire. The parties then filed cross-motions for summary judgment on RNJ's claim. The trial court held that the last sentence of the Permits and Responsibilities Clause placed the risk of loss upon RNJ and therefore entered summary judgment in favor of the government.

## II

■ RNJ contends that the trial court misinterpreted the contract language and should have awarded it compensation because performance of the contract has become impossible. Destruction of the situs of performance by fire is a classic case for application of the impossibility doctrine. See, e.g., Taylor v. Caldwell, 122 Eng. Rep. 309 (K.B.1863). Both parties agree that the impossibility doctrine applies in this case; they disagree, however, about the consequences of applying that doctrine.

The government argues that the destruction of the building relieved RNJ of its obligation to complete the renovation and the government of its obligation to make payments. RNJ agrees with the former but not the latter. It argues that when an event occurs during performance that renders complete performance impossible, the contractor is entitled to compensation for the work already done.

■ In making its argument, RNJ seeks support in what it characterizes as the common law doctrine of impossibility. In fact, however, the common law doctrine is a default and does not apply where the parties have agreed, by the terms of their contract, to a different allocation of risks. In this case, we conclude that the contract between RNJ and the government allocated the risk of loss to RNJ prior to the acceptance of the work, and that the contract therefore bars any recovery by RNJ in this case.

The last sentence of the Permits and Responsibilities Clause states: "The Contractor shall also be responsible for all materials delivered and work performed until completion and acceptance of the entire work, except for any completed unit or work which may have been accepted under the contract." That clause allocates all risks to the contractor until a specified event occurs. See Al Johnson Constr. Co. v. United States, 854 F.2d 467, 470 (Fed. Cir.1988) ("[T]he General Provision 12—Permits and Responsibilities, places on the contractor all risk to materials and work performed until acceptance occurs."). Both parties agree that acceptance never occurred; the risks therefore had not shifted from the contractor to the government when the building was destroyed by fire.

■ RNJ argues that the reasonable interpretation of the last sentence of the Permits and Responsibilities Clause is that RNJ must replace or repair any work damaged prior to acceptance and that, because such replacement or repair is impossible here, that obligation is irrelevant to this case. We disagree. First, the clause uses the general language of responsibility and makes no mention of the specific obligations to which RNJ would limit it. Second, in Al Johnson this court interpreted the clause to place all risks on the contrac-

tor. RNJ's attempt to limit the risks that the clause imposes does not comport with our case law.

 RNJ's second argument is that the Permits and Responsibilities Clause contemplates the eventual "completion and acceptance of the entire work." RNJ therefore argues that the clause cannot apply to damage that occurred during an event that made such completion and acceptance impossible. We disagree. The completion and acceptance of the entire work is merely a condition, the fulfillment of which shifts the risks from RNJ. While the clause may "contemplate" completion, that does not distinguish it from many other contract provisions. When completion does not occur, whether because of breach, agreement, or impossibility, the provisions of the contract are still valid. Because the condition set out in the Permits and Responsibilities Clause was not fulfilled prior to the destruction of RNJ's work, the entire risk was still allocated to RNJ. Because the contract clearly placed the work and materials within RNJ's responsibility, the government is not liable for their destruction.

*AFFIRMED.*